## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MACCO PROPERTIES, INC.,** | ) | **Case No. 10-16682-R** |
| | ) | **Chapter 7** |
| | ) | |
| **NV BROOKS APARTMENTS, LLC,** | ) | **Case No. 10-16503-R** |
| | ) | **Chapter 7** |
| Debtors. | ) | **(Jointly Administered)** |

| | | |
|---|---|---|
| **MICHAEL E. DEEBA, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Adv. No. 13-1022-R** |
| | ) | |
| **JENNIFER A. PRICE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **COBBLESTONE APARTMENTS** | ) | |
| **OF TULSA, LLC; LARRY D. AND** | ) | |
| **JEANETTE A. JAMISON FAMILY** | ) | |
| **TRUST; AND JACKIE L. HILL, JR.,** | ) | |
| | ) | |
| Intervenors. | ) | |

## ORDER DENYING MOTION FOR DISMISSAL WITH PREJUDICE

Before the Court is the Motion for Dismissal with Prejudice and Notice of Opportunity for Hearing filed by Plaintiff Michael E. Deeba, Trustee ("Trustee")(Adv. Doc. 23) ("Motion to Dismiss"); the Objection of United States Trustee ["UST"] to . . . Motion to Dismiss Adversary Proceeding (Adv. Doc. 24); the Objection of Cobblestone Apartments of Tulsa, LLC, et al. ["Cobblestone"] to . . . Motions for Dismissal with Prejudice (Adv. Doc. 27); and the Objection of Jackie Hill ["Hill"] to . . . Motions for Dismissal with Prejudice

(Adv. Doc. 28). An evidentiary hearing was held on November 13, 2015, after which the Court took the matter under advisement.

## JURISDICTION

The Court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1) and 157(b)(2)(E), and Rule 81.4(a) of Local Civil Rules of the United States District Court for the Western District of Oklahoma.

## PROCEDURAL HISTORY

On November 2, 2010, Macco Properties, Inc. ("Macco") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Defendant Jennifer A. Price is the sole shareholder of Macco. On May 31, 2011, the bankruptcy court approved the appointment of Trustee as Chapter 11 Trustee of the Macco bankruptcy estate.

On March 5, 2013, Trustee commenced this adversary proceeding to collect approximately $22,000.00 of unpaid rent and alleged holdover damages due under a commercial lease agreement ("Lease Agreement") entered into post-petition between Trustee and Price (the "Rent Claim"). In her answer, Price admitted the existence of the Lease Agreement and the amount of the monthly rental payment, but disputed the amount Trustee alleges is owed. Price asserts affirmative defenses of accord and satisfaction, waiver, and lack of notice of termination.

In December 2013, Trustee agreed to dismiss this adversary proceeding as part of a comprehensive settlement Trustee and others entered into with Price and her husband, Macco's former president Lew McGinnis (the "Settlement"). On December 16, 2013, the

2

Court entered an order that documented the terms of the Settlement, including the agreement that the Macco bankruptcy case would be converted to a case under Chapter 7 of the Bankruptcy Code.  With respect to dismissal of this and other adversary proceedings, the order provided that "[m]otions will be filed, with Notice of Opportunity for Hearing, requesting dismissal with prejudice, based on the execution of the Mutual Releases and the language therein."  Main Case Doc. 1909 at 2.

In compliance with the order and Settlement, in March 2014, Trustee (now the Chapter 7 trustee) filed the Motion to Dismiss.  In the motion, Trustee recites that he "agreed to the Mutual Releases and Dismissal With Prejudice of all Adversaries for the reason that the Chapter 7 Trustee believed at the time that there were sufficient funds on hand to pay all allowed unsecured creditors and as a result, it was not cost efficient to continue to prosecute this Adversary."  Motion to Dismiss, ¶ 4. The UST, Cobblestone, and Hill filed objections to the Motion to Dismiss, pointing out that litigation commenced by Price and McGinnis against Trustee and other estate professionals *after* the Settlement was reached was likely to cause administrative expense claims to snowball to the extent that full payment to unsecured creditors would no longer be achievable.[1]   In setting this matter for hearing, the Court advised the parties that it would review the agreement to dismiss the proceeding under the standards set forth in In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997) to determine whether the agreement is fair, equitable, and in the best interests of the estate.

---

[1]Cobblestone and Hill, as unsecured creditors, intervened in this proceeding for the sole purpose of opposing dismissal.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Rent Claim is property of the Macco bankruptcy estate, and Trustee's agreement to voluntarily dismiss the claim as part of a comprehensive settlement is subject to this Court's scrutiny under Reiss v. Hagmann, 881 F.2d 890 (10th Cir. 1989); In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997); and Bankruptcy Rule 9019(a). The decision to approve a settlement "must be an informed one based upon an objective evaluation of developed facts." Reiss, 881 F.2d at 892. In determining whether the agreement is fair and equitable and in the best interests of the estate, "it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views." Kopexa, 213 B.R. at 1022.

Based upon the evidence presented through testimony and exhibits, the arguments of counsel, and applicable law, the Court concludes that the Motion to Dismiss should be denied.

**A.      Probable success on the merits**.

Trustee credibly testified that he could establish the existence of the Lease Agreement and the non-payment of rent with documentary evidence on summary judgment. Price did not present evidence that suggested otherwise or any evidence tending to establish elements of her affirmative defenses. The Court therefore finds that, at this time, the developed facts support a finding that there is a reasonable probability that Trustee will succeed on the merits of the Rent Claim.

**B.      Possible difficulty in collecting a judgment**.

Price contends that Trustee will not be able to collect any judgment against her, pleading poverty.  Price did not present any evidence of her financial affairs other than the testimony of her own counsel, whose knowledge of Price's assets and liabilities was based on Price's unsworn verbal statements.

Trustee credibly testified that Price and McGinnis have had steady access to funds when necessary to purchase claims and settle judgments, and the record in the main bankruptcy case establishes the same.  Price and McGinnis continue to pay lawyers to aggressively litigate claims against Trustee and his professionals, and to pursue eleven appeals.  Price's counsel testified that she is paid by a limited liability company, rather than Price or McGinnis, but the salient fact is that Price and McGinnis have access to large sums of money and there is no credible evidence in the record that establishes that they are destitute.

Accordingly, the Court finds no reason to dismiss the claim on the grounds that proceeding further would be futile.

**C.      Complexity and expense of the litigation**.

Trustee has pled a simple breach of contract claim. As a party to the Lease Agreement, Trustee has personal knowledge of the facts of the case, has already extensively analyzed the strength of the claim and defenses, and already possesses documentary evidence.  Discovery and witness preparation should be minimal and Trustee does not anticipate the involvement of any experts.

5

Price's counsel argued that the projected cost to the estate of litigating this claim outweighs any possible benefit to the estate, citing Price's uncooperative, litigious nature and her propensity for "fighting tooth and nail" against Trustee. No legal or factual basis was presented at the hearing that would justify extensive and expensive litigation of the Rent Claim, however.

Although Price's counsel represented that Price had requested a jury trial of the Rent Claim, in fact Price has filed a pleading in this proceeding acknowledging that "[n]o party has timely demanded a jury trial" and that, in her answer, Price "acknowledged that this adversary proceeding is a 'core' proceeding; thus, the Court can enter final orders and judgments." Adv. Doc. 14. The case will not suffer the complexity of a jury trial.

Trustee testified that he intends to negotiate a blended fee arrangement with counsel in order to limit and control the cost of litigation. Trustee reasonably believes the matter can be resolved expeditiously and inexpensively on summary judgment. Further, in his complaint, Trustee requested recovery of attorney fees and costs from Price, which he intends to pursue if the same is provided for in the Lease Agreement.

The Court concludes that, at this time, the matter appears to be an uncomplicated breach of contract claim that should not require an extensive investment of professional time or estate assets.

**D.    Interests of creditors in deference to their reasonable views**.

Cobblestone, the largest unsecured creditor of Macco, is owed in excess of $150,000.00. Hill, the smallest unsecured creditor, holds a claim of approximately $100.00.

6

Both creditors object to dismissal of this adversary proceeding because their claims likely will not be paid unless Trustee liquidates the estate's remaining assets, *i.e.*, claims asserted in this and other adversary proceedings. Their view is reasonable in light of the current financial condition of the estate.

In December 2013, it appeared that the Settlement would pave the way for an expedited and uncomplicated completion of the Chapter 11 case. In his final application for compensation in the Chapter 11 case, Trustee offered to accept approximately $82,000.00, which was the remainder of his unpaid fee if he were compensated on an hourly basis to that date. However, he reserved the right to request payment of the full commission on distributions to which he was entitled under 11 U.S.C. § 326(a) if circumstances required him to expend significantly more time and effort administering the case. Price and McGinnis objected to allowance of the $82,000.00 request. In addition, Price and McGinnis sought disallowance of interim compensation already paid to Trustee, and they asserted various tort claims, both in the objection to Trustee's compensation request and in a stand-alone lawsuit commenced in the District Court. Price and McGinnis's aggressive but ultimately fruitless post-Settlement pursuit of claims against Trustee (and against his counsel, financial advisor, and management professionals) required Trustee to invest substantial time and resources over a period of more than two years. Trustee amended his Chapter 11 application to request the commission to which he was otherwise entitled under § 326(a). The Chapter 11 administrative claims of the Trustee's professionals also ballooned as a result of the post-Settlement litigation pursued by Price and McGinnis.

In December 2013, when the parties agreed that the adversary proceedings could be dismissed, the estate's coffers contained enough cash to pay all projected administrative expenses and all unsecured creditors with interest, leaving hundreds of thousands of dollars to return to Price as Macco's sole shareholder.  As of September 17, 2015, however, the estate's liquid assets totaled $989,915.00 while its unpaid allowed administrative expenses reached $1,011,622.18.  See Trustee Exhibit 1. The estate has incurred substantial additional expenses that have not yet been applied for.  Id.  And as of the date of this order, the estate continues to incur professional fees to, among other things, defend eight appeals recently filed by Price and McGinnis.  The Court finds that the estate is indisputably underwater, and the unsecured and administrative claims – allowed, accrued, and accruing – have no chance of being satisfied if the claims asserted in this and other adversary proceedings are dismissed.

**CONCLUSION**

The Court concludes that the agreement to dismiss the adversary proceeding is not fair, equitable, or in the best interests of the estate.  Dismissal of the Rent Claim would benefit only Price, and would unfairly prejudice unsecured and administrative expense claimants.  Accordingly, the Motion to Dismiss is denied.

**SO ORDERED** this 21st day of December, 2015.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

8